ZINTER, Justice
(concurring).
[IF 37.] The majority opinion in United States v. Jones, 565 U.S. -, 132 S.Ct. 945, 181 L.Ed.2d 911 (2012), resolves a virtually identical case. Therefore, I join the Court’s opinion insofar as it holds this was an unlawful search under Jones’s physical trespass test. See id. at -, 132 S.Ct. at 949 (“We hold that the Government’s installation of a GPS device on a target’s vehicle, and its use of that device to monitor the vehicle’s movements, constitutes a ‘search.’ ” (footnote omitted)); see supra ¶¶ 15, 19. However, it must be pointed out that the majority[7] of the Supreme Court expressly declined to adopt Justice Alito’s concurrence arguing for application of the Katz “reasonable expectation of privacy” test. In fact, the majority pointed out a number of problems in applying the reasonable expectation of privacy test in this context. The majority concluded that the Court would “have to grapple with these ‘vexing problems’ in some future case where a classic trespas-sory search is not involved and resort must be had to Katz analysis; but there is no reason for rushing forward to resolve them here.” Jones, 565 U.S. at -, 132 S.Ct. at 954.
[¶ 38.] Because a majority of the Supreme Court expressly considered but declined to apply the reasonable expectation of privacy test in Jones, I do not join this Court’s application of the reasonable expectation of privacy test in Zahn’s case. *501 Because we are deciding this case under the federal Constitution, we should not utilize a Fourth Amendment test that the majority of the Supreme Court has expressly declined to apply.[8] It is also unnecessary because — like the Supreme Court — today’s Court finds this use of a GPS to be an unlawful search under the physical trespass test. Concededly, this case was argued on the reasonable expectation of privacy test. But Jones was decided after oral argument, and “[t]he Court [should] not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of.” Ashwander v. TVA, 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688 (1936) (Brandéis, J., concurring). “[W]e should ... adhere to a basic constitutional obligation by avoiding unnecessary decision of constitutional questions.” Morse v. Frederick, 551 U.S. 393, 428, 127 S.Ct. 2618, 2640, 168 L.Ed.2d 290 (2007). As Justice Sotomayor concluded in providing the fifth vote for the majority opinion in Jones, “[resolution of [the] difficult questions [regarding expectations of privacy was] ... unnecessary ... because the Government’s physical intrusion ... supplied] a narrower basis for decision.” Jones, 565 U.S. at
[¶ 39.] KONENKAMP, Justice, joins this special writing.

. Justice Sotomayor, the fifth vote, did suggest that GPS monitoring would impinge on expectations of privacy in some cases. Jones, 565 U.S. at -, 132 S.Ct. at 955 (Sotomayor, J., concurring) ("I agree with Justice Alito that, at the very least, ‘longer term GPS monitoring in investigations of most offenses impinges on expectations of privacy.’ ”). Nonetheless, Justice Sotomayor did not apply the Katz v. United States, 389 U.S. 347, 360, 88 S.Ct. 507, 516, 19 L.Ed.2d 576 (1967) (Harlan, J., concurring), reasonable expectation of privacy test in that month-long GPS monitoring case. She indicated that technological advances would "affect” the Katz test in future cases. Jones, 565 U.S. at -, 132 S.Ct. at 955 (Sotomayor, J., concurring) ("[T]he same technological advances that have made possible nontrespassory surveillance techniques will also affect the Katz test by shaping the evolution of societal privacy expectations.”). Ultimately, Justice Sotoma-yor joined the majority, concluding that it was unnecessary to address the reasonable expectation of privacy test. Id. at -, 132 S.Ct. at 957.

. The Court today also uses the D.C. Circuit Court of Appeals’ view of how Katz's reasonable expectation of privacy test (and in particular, the subjective expectation of privacy prong) invalidates prolonged use of GPS monitoring. See supra ¶ 22 (citing United States v. Maynard, 615 F.3d 544, 563 (D.C.Cir.2010)). But the D.C. Circuit Court of Appeals’ decision in Maynard involved a joint appeal by both defendants Maynard and Jones, and the United States Supreme Court expressly declined to follow Maynard’s application of the reasonable expectation of privacy test in prolonged GPS monitoring. See Jones, 565 U.S. at -, 132 S.Ct. at 954. The Supreme Court noted that applying the Katz reasonable expectation of privacy test "leads us needlessly into additional thorny problems." Id.